Charlotte WEATHERFORD,
Plaintiff–Appellant,

v.

NEVADA RURAL HOUSING
AUTHORITY (NRHA); et
al., Defendants–Appellees.

No. 13–16173.

United States Court of Appeals,.
Ninth Circuit.

Submitted Dec. 9, 2014.*

Filed Dec. 22, 2014.

Charlotte Weatherford, South Lake Tahoe, CA, pro se.

Thomas Peter Beko, Esquire, Erickson, Thorpe & Swainston, Ltd., Reno, NV, for Defendants–Appellees.

Before: WALLACE, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM **

Charlotte Weatherford appeals pro se from the district court's summary judgment in her action brought under the Fair Housing Act ("FHA") and other federal laws. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Jones v. Blanas,* 393 F.3d 918, 926 (9th Cir.2004). We may affirm on any basis supported by the record, *Gordon v. Virtumundo, Inc.,* 575 F.3d 1040, 1047 (9th Cir. 2009), and we affirm.

The district court properly granted summary judgment on Weatherford's discrimi-

nation claims under the FHA and Section 504 of the Rehabilitation Act because Weatherford failed to raise a genuine dispute of material fact as to whether defendants discriminated against her on the basis of a disability. *See Giebeler v. M & B Assocs.,* 343 F.3d 1143, 1146–47 (9th Cir. 2003) (elements of disability discrimination claim under FHA); *Lovell v. Chandler,* 303 F.3d 1039, 1052 (9th Cir.2002) (elements of disability discrimination claim under Rehabilitation Act).

The district court properly granted summary judgment on Weatherford's retaliation claim under the FHA because Weatherford failed to raise a genuine dispute of material fact as to whether defendants engaged in any coercion, intimidation, threats, or interference. *See Walker v. City of Lakewood,* 272 F.3d 1114, 1128 (9th Cir.2001) (elements of retaliation claim under the FHA).

Summary judgment was proper on Weatherford's regulatory claims because Weatherford failed to raise a genuine dispute of material fact as to whether defendants discriminated against her on the basis of a disability, and as to whether defendants denied her a hearing to which she was entitled. *See* 24 C.F.R. §§ 8.11, 8.28, 8.33, 982.505, 982.555; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1061 (9th Cir.2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.")

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.